UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| V. | NO. 08-01 |
| TRAVIS J. EVERY | SECTION "F" |

ORDER AND REASONS

Before the Court is Travis J. Every's motion to vacate, set aside, or correct a sentence. For the following reasons, the motion is DENIED.

**Background**

Travis J. Every, is a federal prisoner currently serving a 175 month sentence in federal prison. On March 20, 2009, Every pled guilty before this Court to a six-count bill of information involving the distribution of illegal substances. Every now submits a habeas corpus motion under 28 U.S.C. § 2255 seeking post-conviction relief from his sentence.

Every was involved in three hand-to-hand purchases of illegal substances, totaling a cocaine base net weight of 262.8 grams and a cocaine hydrochloride net weight of 22.4 grams. The drugs were sold to a confidential informant working for the Bureau of Alcohol, Tobacco, Firearms, and Explosives. On January 4, 2008, Every was indicted by a federal grand jury on a four-count indictment for violations of the Federal Drug Controlled Substances Act. Counts

1, 3, and 4 were for knowingly and intentionally distributing cocaine base, and Count 2 was for knowingly and intentionally distributing cocaine hydrochloride. Later, the Federal Bureau of Investigation discovered through a wiretap investigation that, prior to his 2008 indictment, Every distributed and sold approximately two and a half kilograms of cocaine hydrochloride to a co-conspirator.

In a plea agreement, Every pled guilty to a six-count superseding bill of information. The two additional counts were for the predicate offense determined by the FBI. Every faced a mandatory life sentence under 21 U.S.C. § 851(b)(1)(A) because of his criminal history of two prior felony drug convictions. In exchange for the plea, the government agreed to file only one Section 851 bill, decreasing his mandatory minimum to 20 years of incarceration. As a part of the agreement, Every waived his right "to contest his conviction and/or his sentence in any collateral proceeding, including proceedings under Title 28, United States Code, Section 2241 and . . . Section 2255." But, he reserved the right to appeal "any punishment imposed in excess of the statutory maximum." The Court sentenced Every to 25 years, or 300 months, in prison followed by 10 years of supervised release.

On January 19, 2017, President Obama granted Every clemency. His sentence was reduced to 175 months with 10 years of supervised

release. On June 6, 2016, Every filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.[1] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)(citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." United States v. Addonizio, 442 U.S. 178, 185 (1979).

II.

Every's post-conviction motion centers on a sentence enhancement premised by his predicate drug offense under 21 U.S.C.

---

[1] Section 2255 identifies only four bases that might support a motion to vacate: (1) the sentence was imposed in violation of the Constitution of laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id.

3

§ 851. He claims his conviction to be based on this "constitutionally vague" statute. Every contends that the applicability of Section 851's residual clause to conduct other than that described in the enumerated offenses of Section 851 is unconstitutional in light of the United States Supreme Court's decision of Johnson v. United States, 135 S. Ct. 2551 (2015). This was later declared to be retroactive on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). As a result, Every asserts his conviction to be unlawful and requests relief or a hearing.

He states two grounds of relief: (1) his predicate drug offense does not constitute convictions resulting in a sentence of one year or more, meaning it no longer prompts an enhancement under 21 U.S.C § 851; and (2) his sentence was enhanced to require an aggravated mandatory sentence due to the alleged drug amount, which was based upon false testimony and information, and then was arbitrarily imposed. The Court addresses each contention and finds that he is not entitled to relief on any of these grounds.

A.

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255. After reviewing the briefings and the record of the case, this Court determines that there is no need for an evidentiary hearing; this case will be decided on the pleadings.

See 28 U.S.C. § 2255; United States v. Cervantes, 132 F. 3d 1106, 1110 (5th Cir. 1998) (stating that if the defendant does not meet their burden of proof, then a hearing is unnecessary); United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990).

B.

Every asserts that his predicate offense does not trigger a 21 U.S.C. § 851 sentence enhancement because his drug conviction does not meet the requirements of a year or more. As a preliminary matter, Every is barred from contesting his sentence in a post-conviction proceeding under 28 U.S.C. § 2255 because he waived his right to do so in his plea agreement.[2] In United States v. Wilkes, the Fifth Circuit held that a defendant can waive his right to appeal his sentence under 28 U.S.C. § 2255 in a plea agreement, as long as the waiver is both knowing and voluntary. 20 F.3d 651, 653 (5th Cir. 1994). For a waiver to be knowing and voluntary, a defendant must fully understand "the nature of a right and how it would likely apply in general in the circumstances – even though the defendant may not know the specific detailed consequences."

---

[2] However, Every reserved his right to appeal any punishment imposed in excess of the statutory maximum. According to the Presentence Investigation Report (PSR), the maximum sentence for Every on Counts 1, 3, 4, and 5 was life in prison; the maximum for Count 2 was 30 years, or 360 months. Every was sentenced to 25 years, or 300 months, which is much less than the maximum of all counts. Therefore, his reserved right to appeal excess sentencing does not apply.

5

United States v. Ruiz, 536 U.S. 622, 629 (2002). See also United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992).

In determining whether the waiver was knowing and voluntary, the Court will consider whether the waiver was addressed in the hearing and if the defendant asked questions about it. United States v. Cantu, 273 F.3d 393, at *1 (5th Cir. 2001). However, if the defendant read and understood the plea agreement, the defendant will be held to what he agreed upon, regardless of whether the Court specifically warned him concerning the waiver of appeal. Id. (citing United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994)). Additionally, if the defendant does not allege in the petition, or the record contains no indication that the waiver was not knowing and voluntary, the Court will continue to hold the defendant to the bargain he made. Portillo, 18 F.3d at 292-93. See also United States v. Potter, No. 13-141, 2015 WL 3486446 at *1 (E.D. La. June 1, 2015).

In Every's post-conviction motion, he failed to make any claim that his waiver of post-conviction rights was made either unknowingly or involuntarily. This Court advised Every of his appeal rights in detail. Therefore, the Court presumes that Every knowingly and voluntarily signed the plea agreement, making the agreement enforceable and his claim barred.

Even if Every did not waive his right to post-conviction appeals under Section 2255, his claim that his predicate offense

6

does not qualify for a 21 U.S.C § 851 enhancement must fail. Every contends that his predicate offense did not constitute a sentence resulting in one year or more, which means it no longer qualifies for a sentence enhancement under Section 851. Every was previously convicted of the distribution of cocaine in violation of Louisiana law. LA R.S. 40:967(A). He was sentenced to five years of imprisonment. Under 21 U.S.C § 841, his prior criminal conduct qualifies as a "prior felony drug offense," punishable by imprisonment for more than one year. See also 21 U.S.C. § 802 (44) (defining "felony drug offense" with regard to conduct involving narcotic drugs, stimulants, and other substances). Louisiana law mandates that anyone who knowingly and intentionally distributes illegal substances will be subject to imprisonment for no less than a year or more. LA R.S. 40:967. Every pled guilty to this charge in Count 6 of the superseding bill of information. Every is subject to a year or more of prison for this charge and therefore subject to sentence enhancements under 21 U.S.C. § 851.

C.

The petitioner next contends that his sentence was enhanced to require an aggravated mandatory sentence due to the alleged drug amount, which was based upon false testimony and information, and was arbitrarily imposed. The Court finds his claim meritless. He failed to raise a false testimony claim at his plea hearing.

7

The Supreme Court has held that due process is violated when the government knowingly gives false testimony to obtain a conviction and fails to correct it. Napue v. Illinois, 360 U.S. 264, 269-70 (1959). In order for this claim to be proven, Every must show the Court that: "1) the statements are shown to be actually false; 2) the prosecution knew that they were false; and 3) the statements were material." Thompson v. Cain, 161 F.3d 802, 808 (5th Cir. 1998); see also Tucker v. Johnson, 242 F.3d 617 (5th Cir. 2001).

Here, Every fails to meet this test. There was no claim of false testimony. The factual basis is the only document that provides any information regarding the alleged drug weight. Prior to the re-arraignment, Every and his counsel reviewed this factual basis and Every confirmed under oath the correctness of the information and signed the document. Because Every did not attach any further material evidence to prove the drug weights to be falsified information, the Court rejects this claim. It is frivolous.

D.

Finally, the petitioner argues that his conviction under the residual clause of 21 U.S.C. § 851 is "unconstitutionally vague" under Johnson. In Johnson, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was vague because the "indeterminacy of the wide ranging inquiry" of the residual clause

8

prevents fair notice to the defendants of their increased sentence and "invites arbitrary enforcement by judges," violating the defendant's right of due process. Johnson, 135 S. Ct. at 2257-58.

In a following case, the Court held that Johnson's holding is only applicable to (1) the ACCA's residual clause; and (2) a closely worded residual clause in the federal crimes code's definition of "crime of violence." 18 U.S.C. § 16(b); United States v. Mitchell, No. CR 10-126, 2018 WL 1941787 (E.D. La. Apr. 25, 2018); See also Beckles v. United States, 137 S. Ct. 886 (2017); Sessions v. Dimaya, 1138 S. Ct. 1204, 1210 (2018).

Johnson does not apply here because Every was not sentenced pursuant to the ACCA or any similar residual clause. Rather, he was sentenced by an agreement made under Sections 841 and 851. Every's sentence was not enhanced under a vague residual clause trying to define "violent crime." In fact, he was convicted for a felony drug charge, not a violent crime, which is why his sentence enhancement was based under Section 851. Section 851 does not contain a residual clause and "felony drug offense" is defined under 21 U.S.C. § 802(44), not 18 U.S.C. § 16(b)[3]. Mitchell, 2018

---

[3] 18 U.S.C. § 16(b) defines "crime of violence" as an offense that involves use, attempt, or threat of physical force or involves a "substantial risk of physical force against a person or property of another."

WL 1941787 at 3-4. Because the petitioner's claim fails on the merits, the Court must reject it.

Accordingly, IT IS ORDERED that Travis J. Every's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is DENIED. Every's habeas petition is dismissed with prejudice.

New Orleans, Louisiana, July 5, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE